IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET TEMPLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-1095-WKW |
| ) | [WO] |
| THE SHAW GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court are Plaintiff's Motion for Leave to Amend (Doc. # 25), Defendant's Response in Opposition (Doc. # 29), and Plaintiff's Reply (Doc. # 31). After careful consideration of the arguments of counsel and the relevant law, the court finds that the motion is due to be granted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, outside of the time period for amendment as a matter of course, a party may amend its pleadings only with consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the governing scheduling order – entered pursuant to Rule 16 – required parties to submit motions to amend pleadings and to add parties no later than May 21, 2012. (Doc. # 15 § 4.) That deadline notwithstanding, a court may modify a scheduling order for "good cause shown." Fed. R. Civ. P. 16(b)(4).

The relationship between Shaw Group, Inc., and Shaw Environmental & Infrastructure, Inc. ("Shaw E & I") is relevant to the Rule 15(a) determination that justice requires leave to amend, as there is insufficient indication that Plaintiff failed to add Shaw E & I prior to the scheduling order deadline because of her own delay or neglect. Leave to amend shall be freely given under these circumstances.

It is also relevant that, under Rule 15(c)(1)(C), the amendment should relate back. Plaintiff has satisfied the standard articulated by the Supreme Court of the United States in *Krupski v. Costa Crociere S.p.A.,* — U.S. —, 130 S. Ct. 2485, 2493 (2010). "The question under Rule 15(c)(1)(C)(ii) is not whether [a plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." *Id.* Assuming without deciding that Shaw E & I is the proper defendant here, based on Plaintiff's initial pleadings and other filings, Shaw E & I knew or should have known – within the time period for service of the complaint under Rule 4(m) – that Plaintiff did not elect to bring suit against Shaw Group rather than Shaw E & I and that Plaintiff would have named Shaw E & I but for her excusable error.

Finally, modification of the scheduling order is appropriate because the foregoing amounts to good cause shown. The record does not indicate that Plaintiff's

failure to comply with the order "resulted from a lack of diligence in pursuing her claim."  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (affirming a denial of leave to amend).

Accordingly, it is ORDERED that Plaintiff's motion (Doc. # 25) is GRANTED. Plaintiff shall electronically file an exact duplicate of the proposed Amended Complaint that is attached to the motion.  It is further ORDERED that the amendment shall relate back to the date of the initial complaint, December 22, 2011.

DONE this 31st day of October, 2012.

                                              /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE