IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:11-CV-1095-WKW |
| | ) [WO] |
| THE SHAW GROUP, INC., and | ) |
| SHAW ENVIRONMENTAL & | ) |
| INFRASTRUCTURE, INC., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This is a slip and fall case. On January 14, 2010, Plaintiff Margaret Temple, a civilian employed by Army Fleet Support, L.L.C. ("AFS"), slipped on ice at Hanchey Field on Fort Rucker and broke her right leg. (Doc. # 26 at 1–3.) Defendants, Shaw Group, Inc., and Shaw Environmental & Infrastructure, Inc. (collectively "Shaw"), had a maintenance contract at Fort Rucker. (Doc. # 34 ¶ 9.) Plaintiff alleges that Shaw employees allowed water to collect and ice to develop on the metal ramp where she fell. (Doc. # 34 ¶ 9.) Shaw[1] moved for summary judgment. (Doc. # 19.) Plaintiff responded. (Doc. # 26.) Defendant replied. (Doc. # 30.) After

---

[1] Initially, Plaintiff named only Shaw Group, Inc., not Shaw E & I. Plaintiff was allowed to amend her complaint to add Shaw E & I (Doc. # 33), and Shaw E& I then adopted Shaw Group's motion for summary judgment (Doc. # 35).

careful consideration of the arguments of counsel and the relevant law, the motion is due to be denied.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties do not contest personal jurisdiction or venue, and allegations sufficiently support both.

## II. STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). As a general rule, such evidence should not come in the form of inadmissible hearsay. Fed. R. Civ. P. 56. However, the nonmoving party need not produce evidence in a form that would be admissible at trial if it could be "reduced to admissible evidence at trial." *Macuba*

*v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (internal quotations omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

### III.  DISCUSSION

Plaintiff alleges that Shaw employees left a water hose running sometime before Plaintiff fell to prevent pipes from freezing on what was undoubtedly a very cold couple of days, water leaked from that hose onto a metal ramp across the pedestrian path at Hanchey Field, the water froze, creating ice, and Plaintiff fell on the ice, injuring herself.  (Doc. # 34.)  Defendants argue that the hose was not theirs (Doc. # 20 at 10), and if it was theirs, Plaintiff cannot prove it (Doc. # 20 at 9).  Defendants argue, alternatively, that even if Plaintiff can show the hose was theirs, the danger was an open and obvious one of which Plaintiff should have been aware.  (Doc. # 20 at 10.)

These contentions present assertions of disputed material facts that a jury must sort out.  Defendants' argument that Plaintiff has not produced admissible evidence showing the hose belonged to Defendants is unavailing.  Plaintiff's evidence defeats a motion for summary judgment because it could be reduced to an admissible form at trial.  *See Macuba*, 193 F.3d at 1323–24.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. # 19) is DENIED.

DONE this 2nd day of November, 2012.

                                                /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE